UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOTOM TESFAMICHAEL also known as Gebrekristos Yemanebrhan Kidane,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, in his official capacity as Senior Warden, Otay Mesa Correctional Facility; TONY H. PHAM, in his official capacity as Newark Field Office Director for U.S. Immigration and Customs Enforcement; KENNETH CUCCINELLI, in his official capacity as acting Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; CHAD F. WOLF, in his official capacity as Acting Secretary of the United States Department of Homeland Security; WILLIAM P. BARR, in his official capacity as Attorney General of the United States,<br><br>                          Respondents. | Case No.:  20-cv-02154-H-BGS<br><br>**SCHEDULING ORDER** |

On November 3, 2020, Petitioner Giotom Tesfamichael, a 37 year-old native of Eritrea with legal status in Denmark and a detainee at the Otay Mesa Detention Center

1

("OMDC") in the custody of the U.S. Department of Homeland Security, Bureau of Immigration and Customs Enforcement, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1; see Doc. No. 1-5, Tesfamichael Decl. ¶ 1.)  In the petition, Petitioner seeks his immediate release from custody.  (Doc. No. 1 at 27.)

In his § 2241 habeas petition, Petitioner contends that his detention for more than one year in Respondents' custody is unreasonable and violates the Due Process Clause of the Fifth Amendment of the United States Constitution.  (Id. ¶¶ 4, 8, 66.)  Petitioner further contends that his continued detention at OMDC under the current circumstances is particularly unreasonable due to the risk of exposure to COVID-19 while detained.  (Id. ¶¶ 7, 67-68.)

Petitioner explains that a removal order was served on him on November 21, 2019, and he has never contested that removal order.  (Id. ¶ 29.)  Petitioner states that he has remained ready, willing and able to cooperate with removal.  (Id.)  Petitioner explains that despite this, he has been detained at OMDC since October 2019, and he has been denied parole on the grounds that he is a flight risk.  (Id. ¶¶ 30, 34.)  Petitioner contends that his prolonged detention based only a summary conclusion that he is a flight risk and/or departure is imminent and while his departure is continually delayed is constitutionally unreasonable and violates the Due Process Clause.  (Id. ¶ 71, 73.)

Petitioner also argues that his continued detention during the current COVID-19 pandemic puts him at imminent risk of severe physical harm due to the fact that he has been diagnosed and treated for leukopenia.  (Id. ¶¶ 33, 37.)  Petitioner contends that his continued detention under these circumstances violates his substantive due process rights under the Fifth and Fourteenth Amendments.  (Id. ¶¶ 74-75.)

The Court takes judicial notice of a declaration by Kelley Beckhelm, Assistant Officer in Charge, Immigration and Customs Enforcement, Enforcement and Removal Operations, Otay Mesa Detention Center that was filed on April 15, 2020 in Lopez-Marroquin v. Barr, No. 20-cv-00682-LAB-MDD, Docket Entry No. 7-1 (S.D. Cal. Apr.

15, 2020).[1]  See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.").  The Beckhelm declaration details the measures that Respondent has taken in response to the COVID-19 pandemic to prevent and slow the spread of the virus.  See also Arizmendi de Paz v. Wolf, No. 20-CV-955-WQH-BGS, 2020 WL 3469372, at *4-6 (S.D. Cal. June 25, 2020) (detailing the current conditions at OMDC).

Overall, OMDC, which "has a population within approved capacity and is not overcrowded[,] . . . has increased sanitation frequency and provides sanitation supplies," including "disinfectant spray, hand sanitizer, and soap in every housing unit at the jail;" "disinfectants to staff and cleaning crews;" and "hand sanitizer to detainees and staff."  Exhibit A, Beckhelm Decl. ¶¶ 16-17.  Staff and detainees are encouraged to use the materials provided "often and liberally."  Id. ¶ 17.  Further, housing units are cleaned and disinfected between shifts.  Id.  OMDC "has [also] limited professional visits to noncontact visits and suspended in person social visitation and facility tours."  Id. ¶ 18.  Staff and vendors are screened upon entering the facility, "including [by taking] body temperatures."  Id. ¶ 19.  ICE Health Services Corps ("IHSC") medical staff provides facility employees and detainees at OMDC "education on COVID-19," including "the importance of hand washing and hand hygiene, covering coughs with the elbow instead of with hands, and requesting to seek medical care if they feel ill."  Id. ¶ 21.

Detainees at OMDC are screened upon intake by an IHSC medical provider.  Id. ¶ 10.  As part of that screening, "detainees are assessed for fever and respiratory illness, are asked to confirm if they had close contact with a person with laboratory-confirmed COVID-19 in the past 14 days, and whether they have traveled from area(s) with sustained community transmission in the past two weeks."  Id. ¶ 11.  Staff then determine whether to monitor or isolate the detainee, and "detainees who present symptoms compatible with

---

[1]  The Court attaches the Beckhelm Declaration as Exhibit A to this order.

COVID-19 [are] placed in isolation, where they will be tested." Id. ¶ 12. Individuals who test positive "remain isolated and [are] treated," and "[i]n case of any clinical deterioration, . . . referred to a local hospital." Id. In instances where a detainee is known to have been exposed to an individual with a confirmed case of COVID-19, OMDC follows a procedure known as "cohorting":

> Cohorting is an infection-prevention strategy which involves housing detainees together who were exposed to a person with an infectious organism but are asymptomatic. This practice lasts for the duration of the incubation period of 14 days, because individuals with these and other communicable diseases can be contagious before they develop symptoms and can serve as undetected source patients. Those that show onset of fever and/or respiratory illness are referred to a medical provider for evaluation. Cohorting is discontinued when the 14-day incubation period completes with no new cases. Per ICE policy, detainees diagnosed with any communicable disease who require isolation are place[d] in an appropriate setting in accordance with CDC or state and local health department guidelines.

Id. at ¶ 13.

As such, the Court issues the following scheduling order. The Court orders Respondents to file a response to Petitioner's § 2241 habeas petition on or before **Monday, December 7, 2020**. After Respondents submit their opposition, the Court will determine whether the Court will request a reply from Petitioner or schedule a hearing. In the interim, the Court orders counsel for the parties to confer by telephone to discuss any mitigation measures or other resolution, if appropriate. Further, if the conditions at Otay Mesa Detention Center change, Petitioners may file supplemental briefing informing the Court of those changes.

**IT IS SO ORDERED.**

DATED: November 9, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT